UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BETSY ELIZABETH WHITE §<br>Plaintiff §<br>§<br>v. §<br>§<br>MARCO RUBIO, U.S. SECRETARY OF §<br>STATE, and §<br>UNITED STATES OF AMERICA, §<br>Defendants § | No. 1:25-cv-00909 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

BETSY ELIZABETH WHITE files the instant Complaint for Declaratory and Injunctive Relief, under 28 U.S.C. §1331 (federal question) with the Administrative Procedure and Declaratory Judgment Acts, or alternatively, under 8 U.S.C. §1503(a) (denial of rights and privileges as U.S. Citizen).

### I. JURISDICTION AND VENUE

1. Jurisdiction lies under 28 U.S.C. §1331 (federal question), with the Administrative Procedure and Declaratory Judgment Acts, or in the alternative, under 8 U.S.C.§1503(a) (denial of rights and privileges as a U.S. Citizen).

2. A Certificate of Loss of Nationality of the United States was issued on August 8th, 1983. (Attached as Exhibit 1). This certificate was issued based on naturalization as an Australian citizen. This action was not voluntarily by Ms. White.

3. Ms. White was born on April 30, 1950 in New York, New York. (attached as Exhibit 3).

4. Petitioner is domiciled in Hays County, Texas when she is in the United States, within this Court's jurisdiction.

1

## II. THE PARTIES

5. Petitioner BETSY ELIZABETH WHITE resides at 187 Allambie Road, Allambie Heights NSW 2100, Australia. While in Texas she is domiciled at 8100 Fm 2325, Wimberley, TX 78676

6. Defendant MARCO RUBIO is the duly appointed Secretary of State of the United States. The United States is also a named Defendant.

## III. THE FACTS

7. Ms. White was born on April 30, 1950 in New York City in the United States.

8. Ms. White left New York city at the age of 1 and moved with her mother to Manila, in the Phillipines.

9. Ms. White was taken to a children's hospital in Los Angeles, California in 1953 and was diagnosed with cerebral palsey.

10. Ms. White moved multiple times in the following years, living in Singapore in 1956, Connecticut in 1957 and Baltimore from 1958-1960.

11. In 1961, Ms. White moved to the "Spastic Center of NSW" in Sydney, Australia, where she lived until moving back to California in 1967. Ms. White lived in California with her family until 1979 when Betsy moved back to Australia to live at the Spastic Center (now the Cerebral Palsey Alliance), where she has lived ever since.

12. Ms. White applied for a visa to live in Australia in 1979. This visa was denied.

13. Ms. White visited her mother in California in 1980.

14. Ms. White's condition has meant that finding suitable living space is difficult. Despite living in Australia, Ms. White never intended to give up her United States citizenship.

15. Ms. White's biological father arranged for Ms. White to obtain Australian citizenship and in so doing had to renounce her United States citizenship.

16. The level of disability left Ms. White incapable of resisting or opposing renunciation. She was and still is physically incapable of feeding herself and has almost no range of motion in her body below the neckline.

## IV. CAUSES OF ACTION

### A. THE ADMINISTRATIVE PROCEDURE ACT

17. Plaintiff incorporates by reference the allegations of paragraphs 1 - 16 above.
18. Plaintiff did not voluntarily relinquish United States citizenship as required in § 349 (a) (2) of the INA. Plaintiff lived in a facility in Australia due to her cerebral palsey.
19. There is a rebuttable presumption that expatriating acts are voluntary at the time they occur. However, contemporary standards of review under *Vance v. Terrazas*, 444 U.S. 252, 100 S.Ct. 540, 62 L.Ed.2d 461 (1980) establish an administrative presumption of intent to retain United States citizenship unless there is objective evidence of conduct inconsistent with retention of citizenship.
20. Ms. White's actions at the time of the expatriating act show an intent to retain US citizenship: Ms. White made visits to her family in the United States, and Ms. White applied for a visa to stay in Australia, showing an intention to retain her United States citizenship.
21. Ms. White has been living her whole life with cerebral palsey, a condition that has almost entirely deprived her of any physical movement. Beyond her ability to speak with a speech impediment, Ms. White is completely physically incapable of moving at all. Ms. White requires 24 hour assistance; she cannot feed herself, bathe herself, or move herself, even in a wheelchair. Due to her condition, Ms. White has had very limited options in living situations, and has been institutionalized since she was a small child. Ms. White had no choice in where

she lived, and had no choice in the matter when her citizenship was lost. Ms. White never intended to lose her United States citizenship.

### B.  8 U.S.C. §1503(a)

22. Plaintiff incorporates by reference the allegations of paragraphs 1 – 19 above.
23. In the alternative, should the Court disagree with the above analysis, Ms. White would bring a declaratory judgment action, seeking a declaration that she is, indeed, United States citizen, under 8 U.S.C. §1503(a) with 28 U.S.C. §2201.

### PRAYER

Respectfully requested that this Court issue a Declaratory Judgment declaring BETSY ELIZABETH WHITE to be a U.S. citizen by virtue of her birth in New York City, New York, on April 30, 1950. Thereafter, following notice to Defendants and an opportunity to be heard, pursuant to 28 U.S.C. §2202, it is urged that the Court grant the following additional relief, to wit, a permanent injunction, enjoining Defendants, the United States of America, and Secretary Marco Rubio from not issuing a United States passport to Plaintiff, Betsy Elizabeth White.

It is also urged that the Court grant such other and further relief as the Court may consider appropriate in law and equity.

 Respectfully submitted,
/s/ GEORGE C. LOBB
Law Office of George C. Lobb
2028 East Ben White Blvd
Austin, Texas 78741
Tel. (512) 215-6011
Fax. (512) 425-0877
Email. Admin@Lobb.Law
SBN 24042928

4